UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. FREDERICK MOTZ
UNITED STATES DISTRICT JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
(410) 962-2698 FAX

September 22, 2011

MEMO TO COUNSEL RE:  Choice Hotels International, Inc. v. Manjit Singh, et al.
Civil No. JFM-11-1123

Dear Counsel:

I have reviewed the memoranda submitted in connection with defendants' motions to dismiss pursuant to Rules 12(b)(2) and (3).

Defendants have very clearly and cogently stated their position.  I appreciate their having done so.  Nevertheless, I will deny defendants' motions.  Defendants have pointed to nothing that distinguishes the franchise agreement here from the franchise agreement involved in *Burger King Corp. v. Rudzewicz*, 471 U.S. 462 from 1985, where the Supreme Court upheld the exercise of personal jurisdiction against a franchisee.  Although in my opinion the *Burger King* case presents a close issue, I am unpersuaded that the District Court decision in *Culligan Int'l Co. v. Watersystems*, 211 U.S. Dist. LEXIS 45194, at *2 (N.D. Ill. Apr. 27, 2011), nullifies the Supreme Court's holding in *Burger King*.  Although defendants do properly point out that in *Burger King* the Supreme Court stated "we do not mean to suggest that the jurisdictional outcome will always be the same in franchise cases," 471 U.S. at 485(n) 28, the court followed up this statement with the explanation that "[s]ome franchises may be primarily intrastate in character or involve different decisionmaking structures, such that a franchisee should not reasonably anticipate out-of-state-litigation."  Here, it is obvious that the franchise agreement involved is not "primarily intrastate in character" or that the "decisionmaking structure" was such that defendant should not reasonably anticipate out-of-state litigation.

Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

Very truly yours,

/s/

J. Frederick Motz
United States District Judge